**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 21 Civ. 8007<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND THE DECLARANT PURSUANT TO 12 U.S.C. § 4205** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Declarant Share Stipulation") is entered into between the United States of America (the "United States"), by its attorney Audrey Strauss, United States Attorney for the Southern District of New York, and Paul J. Kohn (the "Declarant" and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about April 4, 2016, the Declarant filed a declaration with the United States (the "Declaration"), pursuant to the whistleblower provisions of the Financial Institutions Anti-Fraud Enforcement Act of 1990 ("FIAFEA"), 12 U.S.C. §§ 4201 - 4213, alleging that Wells Fargo Bank N.A. ("Wells Fargo" or the "Bank") fraudulently overcharged customers who used its foreign exchange ("FX") services;

WHEREAS, on or about September 27, 2021, the United States filed a civil fraud complaint in the Southern District of New York against Wells Fargo (the "Complaint") alleging that Wells Fargo is liable to the United States for civil monetary penalties under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 18 U.S.C. § 1833a, for engaging in the following conduct: from 2010 through 2017, Wells Fargo defrauded 771 commercial customers (the "Customers") who used the Bank's FX services, many of them small or medium-sized

businesses or federally-insured financial institutions, in violation of the mail fraud, wire fraud, and bank fraud statutes, 18 U.S.C. §§ 1341, 1343, 1344, by (i) falsely representing to the Customers that the Bank would charge and/or was charging certain fixed FX spreads or sales margins to the customers' FX transactions (which the Bank sometimes referred to internally as "fixed-pricing agreements"), (ii) financially incentivizing its FX sales specialists to overcharge FX customers while failing to take steps to ensure that FX sales specialists would comply or were complying with fixed-pricing agreements, and (iii) systematically charging the Customers higher FX spreads or sales margins than Wells Fargo represented it would charge and/or was charging in fixed-pricing agreements or otherwise, while concealing the overcharges from the Customers and obtaining millions of dollars in FX revenue to which the Bank was not entitled;

WHEREAS, on or about September 27, 2021, the United States and Wells Fargo entered into a Stipulation and Order of Settlement and Dismissal resolving this action (the "Settlement Agreement");

WHEREAS, the United States has determined that the Settlement Agreement was based in part on the information contained in the Declaration;

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Wells Fargo shall make the following payments to the United States: (a) a payment of $35,337,319.90, plus applicable interest, which shall constitute a civil penalty pursuant to FIRREA (the "Civil Penalty Amount"); and (b) a payment of $2,000,000.00, plus applicable interest, which shall constitute money subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C) (the "Forfeiture Amount").

WHEREAS, as part of the Settlement Agreement, Wells Fargo further affirmed that it paid a total of $35,337,319.90 in restitution to 771 commercial customers who used Wells

Fargo's foreign exchange services (the "Restitution Amount");

WHEREAS, the Declarant agrees that he has no right or claim to receive any share of or award related to the Forfeiture Amount or the Restitution Amount, but asserts that, pursuant to 12 U.S.C. § 4205(d), he is entitled to receive a share of the Civil Penalty Amount (the "Declarant Share Claim"); and

WHEREAS, the United States and the Declarant mutually desire to reach a full and final compromise of the Declarant Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Declarant Share Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the United States and the Declarant agree as follows:

1.  Contingent upon receipt by the United States of full payment of the Civil Penalty Amount due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Declarant one million six hundred thousand dollars ($1,600,000.00, the "Declarant's Share") within a reasonable time after the United States' receipt of the Civil Penalty Amount, by transmitting the Declarant's Share to Willens & Scarvalone, LLP, as attorneys for the Declarant ("Declarant's Counsel"), in accordance with written instructions provided by Declarant's Counsel. The obligation to make the payment to the Declarant under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Civil Penalty Amount. In the event that Wells Fargo fails to pay the Civil Penalty Amount, the United States shall have no obligation to make any payment to the Declarant pursuant to this Stipulation; provided, however, that the Declarant does not waive any claim that he may have

pursuant to the whistleblower provisions of FIAFEA to a share of any civil penalties paid to the United States by Wells Fargo in any action or proceeding based upon information contained in the Declaration.

2. The Declarant shall have no right or claim to receive any portion of or award related to the Forfeiture Amount or the Restitution Amount.

3. In agreeing to accept payment of the Declarant's Share set forth in Paragraph 1 above, and upon payment thereof, the Declarant, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 12 U.S.C. § 4205 or any other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to any allegations in the Declaration or the Government's Complaint.

4. This Declarant Share Stipulation does not resolve or in any manner affect any claims the United States has or may have against the Declarant arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Declarant Share Stipulation.

5. Nothing in this Declarant Share Stipulation shall be construed to bar the Declarant from applying for, or accepting payment of, any amounts to which he may be entitled under the whistleblower programs of the Commodity Futures Trading Commission and the Securities and Exchange Commission.

6. This Declarant Share Stipulation shall inure to the benefit of and be binding only on the United States and the Declarant and his successors, assigns and heirs.

7. This Declarant Share Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Declarant Share Stipulation constitutes the entire agreement of the United States and the Declarant with respect to the subject matter of this Declarant Share Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the United States and the Declarant specifically referring to this Declarant Share Stipulation.

9. This Declarant Share Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Declarant Share Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Declarant Share Stipulation, this Declarant Share Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Declarant Share Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: September 27, 2021  
       New York, New York

AUDREY STRAUSS  
United States Attorney  
Southern District of New York

By: _____  
PIERRE G. ARMAND  
LAWRENCE H. FOGELMAN  
Assistant United States Attorneys  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Tel: (212) 6372724/2719  
Fax: (212) 6372730/2686  
Email: Pierre.Armand@usdoj.gov  
          Lawrence.Fogelman@usdoj.gov

Dated: September 27, 2021  
       New York, New York

WILLENS & SCARVALONE LLP

By: _____  
JONATHAN A. WILLENS  
EDWARD SCARVALONE  
One Liberty Plaza, Suite 2300  
New York, NY 10006  
Tel: (646) 200-6333  
Email: *jawillens@willensscarvalone.com*  
       *escarvalone@willensscarvalone.com*  
*Attorneys for the Declarant*

Dated: September 27, 2021

_____  
PAUL J. KOHN  
*Declarant*

6

Dated: 9/28, 2021
New York, New York

SO ORDERED:

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE